■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARVEY INGRAM, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 8, 1964 on his plea of guilty, convicting him of possession of narcotic drugs as a misdemeanor, and imposing sentence. Defendant also brings up for review, as permitted by statute (Code Crim. Pro., § 813-c), an order of said court, entered September 11, 1963, denying his motion to suppress evidence which he alleged had been illegally seized. This action is remitted to the Criminal Term, Supreme Court, Kings County, for the purpose of rendering a written decision setting forth the court's findings of fact in support of its order denying the defendant's motion to suppress. Pending the making of such decision and its filing in this court, the determination of the appeal from the judgment and order will be held in abeyance. In reviewing this record we are met with the difficulty that the grounds for the denial of the motion to suppress are not adequately disclosed either by findings or in an opinion of the trial court. "The granting or denial of a motion to suppress evidence is a crucial step in a criminal prosecution: it may often spell the difference between conviction or acquittal, for the evidence seized may constitute the principal, if not the only, means of establishing the defendant's guilt. Hence, in the determination of a motion to suppress evidence, we hold that the court is required to state, either by findings or in an opinion, the facts upon which it relies in granting or denying the motion" (*People* v. *Lombardi*, 18 A D 2d 177, 180, affd. 13 N Y 2d 1014). Accordingly, we are compelled to remit the action to the trial court for the purpose of rendering a written decision setting forth the findings of fact upon which it relied in denying the motion. Since all the facts are contained in the present record, an additional hearing or a new hearing is not needed. Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.